UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **COLONY INSURANCE COMPANY,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | 3:21-cv-00104 |
| | § | Civil Action No. _____ |
| **INTERGLOBAL LOGISTICS, INC., SOUTHWIRE COMPANY, LLC, and OSCAR PAYAN** | § § § § | |
| **Defendants.** | § § | |

## COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE COURT:

**COMES NOW** Plaintiff Colony Insurance Company (CIC), and files this, its Complaint for Declaratory Judgment, and would show:

## I.
## NATURE OF CASE

1.1   Interglobal Logistics, Inc. (Interglobal) and Southwire Company, LLC (Southwire) were sued by Oscar Payan for alleged injuries he sustained in a tractor-trailer accident in the course of his work. CIC seeks a declaration that it has no duty to defend or indemnify either Interglobal or Southwire (collectively, the "Underlying Defendants") under commercial general liability insurance issued to Interglobal. The insurance policy at issue contains an exclusion that eliminates coverage for claims arising out of the use of an "auto."

1.2   The underlying lawsuit styled, *Oscar Payan v. TES Logistics, LP d/b/a Team Express Services, et al.;* Cause No. 2019DC3456, pending in the 120th Judicial District Court, El Paso County, Texas (the "Underlying Lawsuit") alleges that high cross winds led the tractor-trailer which Payan was driving to crash. It alleges that Interglobal and Southwire, among other

underlying defendants, were negligent in sending Payan through a dangerous route and failing to otherwise provide him with a safe work environment.

1.3     Interglobal tendered the claim to CIC on or around February 25, 2021 under an insurance policy that CIC issued to Interglobal that also named Southwire as an additional insured. CIC advised Interglobal that there was no coverage for the Underlying Lawsuit under the policy issued by CIC.

1.4     A justiciable controversy exists between CIC and the Underlying Defendants regarding whether the insurance policy CIC issued to Interglobal provides coverage to it and Southwire. A justiciable controversy also exists with respect to Payan as a subrogee to any interest the Underlying Defendants have in the CIC policy at issue.

## II.
## PARTIES

2.1     Plaintiff Colony Insurance Company is a citizen of the State of Virginia, organized under the laws of the State of Virginia and having its principal place of business at 8720 Stony Point Parkway, Suite 400, Richmond, VA 23235. CIC is authorized to write insurance policies in Texas as a surplus lines carrier. CIC is not a citizen of Texas.

2.2     Defendant Interglobal Logistics, Inc. is a citizen of the State of Texas being a domestic corporation organized under the laws of Texas with its principal place of business in Texas. Interglobal may be served through its registered agent, Tracy Wright at 1200 Golden Key Circle, Suite 205, El Paso, TX 79925.

2.3     Southwire Company, LLC is a citizen of the States of Delaware and Georgia being a foreign company organized under the laws of Delaware whose members, on information and belief, are citizens of the State of Georgia. Southwire may be served through its registered agent, National Registered Agents, Inc., at 1999 Bryan Street, Suite, 900, Dallas, TX 75201-3136.

2.4     Oscar Payan is an individual who is a citizen of the State of Texas who may be served at his residence of 7328 Desierto Rojo Court, El Paso, TX 79912, or wherever he may be found.  CIC seeks no independent relief against Payan but only seeks to bind him to any coverage determination made by this Court.

### III.
### JURISDICTION AND VENUE

3.1     This is a declaratory judgment relief action pursuant to 28 U.S.C. § 2201 *et seq.*

3.2     This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship among the parties, and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.

3.3     Venue is proper under 28 U.S.C. § 1391(b)(2) in that all or a significant part of the acts or omissions giving rise to this claim occurred in this district. Specifically, Interglobal is based in this district, the accident giving rise to the Underlying Lawsuit occurred in this district, and CIC issued its insurance policy to Interglobal in this district.

### IV.
### THE UNDERLYING LAWSUIT

4.1     The Underlying Lawsuit arose out of an alleged tractor-trailer accident that occurred on March 12, 2019. Attached as Exhibit A is the supplemental petition, filed February 5, 2021, in the Underlying Lawsuit. This is the first petition that names Interglobal and Southwire as defendants.

4.2     Payan alleges in the Underlying Lawsuit that he "was traveling Eastbound on State Loop 375 in El Paso, Texas when the high cross winds caused [him] to lose control of the tractor-trailer" which "came over its right-side over the guardrail facing east inoperable partially on the right lane and in the right improved shoulder due to improper placement and unsecured loading."

4.3     Payan alleges further that "[a]lthough high winds were forecasted in the area, and [sic] was clearly visible, employees, managers, and/or agents of Defendants failed to cancel trip and sent Plaintiff through a dangerous route" leading to alleged "serious bodily injuries."

4.4     Payan seeks more than $1 Million in personal injury damages jointly and severally against all underlying defendants, including Interglobal and Southwire.

4.5     The insurance policy that CIC issued to Interglobal does not cover the Underlying Lawsuit because of an Absolute Auto Exclusion that excludes coverage for liabilities arising out of use of land motor vehicles, including tractor-trailers.

## V.
## THE POLICY

5.1     CIC issued Policy No. 101 GL 002157-03, a commercial general liability policy, to Interglobal, effective June 25, 2018 through June 25, 2019 (Policy). The Policy, a true and correct copy of which is attached as Exhibit B, provides $1 Million in coverage per occurrence.

5.2     The Policy's Common Policy Declarations list Interglobal as the Policy's Named Insured.

5.3     The Policy contains several endorsements labeled form no. CG 20 10 04 13, one of which lists Southwire as an Additional Insured. The endorsement provides in relevant part that:

> A. *Section II – Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:*
>
> *1. Your acts or omissions; or*
>
> *2. The acts or omissions of those acting on your behalf;*
>
> *In the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.*
>
> *However:*

1. *The insurance afforded to such additional insured only applies to the extent permitted by law; and*

2. *If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.*

B. *With respect to the insurance afforded to These additional insureds, the following additional exclusions apply:*

*This insurance does not apply to "bodily injury" or "property damage" occurring after:*

1. *All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or*

2. *That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.*

5.4 The Policy contains two relevant insuring agreements:

*SECTION I – COVERAGES*

*COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY*

*1. Insuring Agreement*

  *a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .*

  *b. This insurance applies to "bodily injury" and "property damage" only if:*

   *(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";*

>    *(2) The "bodily injury" or "property damage" occurs during the policy period, and;*
>
> *   *   *
>
> **COVERAGE C – MEDICAL PAYMENTS**
>
> *1. Insuring Agreement*
>
>    *a. We will pay medical expenses as described below for "bodily injury" caused by an accident:*
>
>       *(1) On premises you own or rent;*
>
>       *(2) On ways next to premises you own or rent; or*
>
>       *(3) Because of your operations; provided that:*
>
>          *(a) The accident takes place in the "coverage territory" and during the policy period;*
>
>          *(b) The expenses are incurred and reported to us within one year of the date of the accident; and*
>
>          *(c) The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.*

5.5     The Policy's Coverage A potentially covers liabilities arising out of "bodily injury" due to an "occurrence," defined as an accident (see the Policy's definition of "occurrence," *infra*).

5.6     The Policy's Coverage C only provides coverage for medical expenses if they are incurred and reported to CIC within one year.

5.7     The Policy contains an Aircraft, Auto or Watercraft exclusion in the Commercial General Liability Coverage Form that is modified by endorsement (Form CG 21 09 0615). Form CG 21 09 0615 is modified by endorsement (U155-0317) (hereafter, the "Absolute Auto Exclusion") which provides in relevant part:

>    A. *If Endorsement **CG 21 09**, **CG 21 10**, **CG 24 50** or **CG 24 51** is attached to the Policy, Paragraph **g.(2) Aircraft (Other than Unmanned Aircraft), Auto or Watercraft** of that endorsement is deleted and replaced with the following:*
>
>       **(2) Aircraft (Other Than Unmanned Aircraft), Auto or Watercraft**

*"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft (other than "unmanned aircraft"), "auto" or watercraft. Use includes operation and "loading or unloading".*

*This Paragraph g.(2) applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft (other than "unmanned aircraft"), "auto" or watercraft.*

5.8 The Commercial General Liability Coverage Form contains the following relevant definitions:

### SECTION V – DEFINITIONS

2. "Auto" means:

    a. A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

    b. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

    However, "auto" does not include "mobile equipment".

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

11. "Loading or unloading" means the handling of property:

    a. After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or "auto";

    b. While it is in or on an aircraft, watercraft or "auto"; or

    c. While it is being moved from an aircraft, watercraft or "auto" to the place where it is finally delivered.

\* \* \*

13. "Occurrence" means an accident, including continuous or repeated

> *exposure to substantially the same general harmful conditions.*

5.9     The injuries alleged by Payan in the Underlying Lawsuit arose out of his alleged use of a tractor-trailer in the course of his employment. The above-quoted Absolute Auto Exclusion precludes coverage for claims arising out of the use of an "auto." The Policy defines "auto" to include a land-motor vehicle such as a tractor with attached trailer. Therefore, the Absolute Auto Exclusion eliminates any coverage under the Policy.

5.10    The Policy's Coverage C contains the following exclusion:

> **2. Exclusions**
>
> *We will not pay expenses for "bodily injury":*
>
> **g. Coverage A Exclusions**
>
> *Excluded under Coverage A.*

5.11    No medical expenses arising from the alleged injuries described in the Underlying Lawsuit were reported to CIC within one year of the alleged accident in March 2019. Accordingly, any medical expenses claimed for the injuries alleged in the Underlying Lawsuit under Coverage C are precluded from coverage as described *supra*. There is also no Coverage C coverage due to the above-quoted exclusion for claims excluded under Coverage A.

## VI.
## RESERVATION REGARDING AMENDMENT

6.1     CIC reserves the right to amend this action as necessary and to include any additional coverage defenses, that are or may become available under the Policy.

**WHEREFORE, PREMISES CONSIDERED,** CIC prays for judgment declaring the rights and obligations of the parties, and in particular for a declaration that it owes no duty to defend or indemnify Interglobal or Southwire against the claims asserted in the Underlying Lawsuit. Further, Colony Insurance Company prays for such other and further relief, at law or in equity, to which it

may show it is justly entitled.

                                                Respectfully submitted,

*/s/ Stephen A. Melendi*
Stephen A. Melendi – Attorney-in-charge
State Bar No. 24041468
stephenm@tbmmlaw.com
TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
Telephone: 214-665-0100
Facsimile: 214-665-0199

**ATTORNEY FOR PLAINTIFF**
**COLONY INSURANCE COMPANY**