# EXHIBIT A

El Paso County - 120th District Court   Case 3:21-cv-00104-DB   Document 1-1   Filed 05/11/21   Page 2 of 13

Filed 2/5/2021 1:45 PM
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV3456

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
120TH JUDICIAL DISTRICT

| | | |
|---|---|---|
| OSCAR PAYAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2019DCV3456 |
| | § | |
| TES LOGISTICS, LP d/b/a | § | |
| TEAM EXPRESS SERVICES, | § | |
| JAIME CARRASCO, | § | |
| RICK CARRASCO, | § | |
| INTERGLOBAL LOGISTICS, INC. | § | |
| SOUTHWIRE COMPANY, LLC, | § | |
| RUSH ENTERPRISES INC d/b/a | § | |
| RUSH TRUCK INSURANCE, and | § | |
| SENTRY INSURANCE | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S SUPPLEMENTAL PETITION OF FEBRUARY 5, 2021AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES OSCAR PAYAN, (hereinafter referred to as "PLAINTIFF'"), complaining of TES LOGISTICS, LP d/b/a TEAM EXPRESS SERVICES, (hereinafter referred to as "Defendant TES"), JAIME CARRASCO, (hereinafter referred to as "JAIME"), RICK CARRASCO, (hereinafter referred to as "RICK"), INTERGLOBAL LOGISTICS, INC. (hereinafter called "Defendant INTERGLOBAL"), SOUTHWIRE COMPANY, LLC (hereinafter called "Defendant SOUTHWIRE"), RUSH ENTERPRISES INC d/b/a RUSH TRUCK INSURANCE (hereinafter called "Defendant RUSH"), SENTRY INSURANCE (hereinafter called "Defendant SENTRY"), and for a cause of action would respectfully show as follows:

I. **DISCOVERY LEVEL**

Pursuant to Rule 190, discovery in this case will be conducted in Level 3.

## II.     PARTIES

Plaintiff is a resident of El Paso County, Texas.

Defendant TES LOGISTICS, LP d/b/a TEAM EXPRESS SERVICES is a Texas Corporation and has been served, and has answered by and through its attorney of record John M. Dickey; Gordon Davis Johnson & Shane P.C.; 4695 N. Mesa St., Ste. 100; El Paso, Texas 79912 Phone (915) 545-1133.

Defendant JAIME CARRASCO is a Texas resident. Defendant has been served, and has answered by and through his attorney of record John M. Dickey; Gordon Davis Johnson & Shane P.C.; 4695 N. Mesa St., Ste. 100; El Paso, Texas 79912 Phone (915) 545-1133.

Defendant RICK CARRASCO is a Texas resident. Defendant has been served, and has answered by and through his attorney of record John M. Dickey; Gordon Davis Johnson & Shane P.C.; 4695 N. Mesa St., Ste. 100; El Paso, Texas 79912 Phone (915) 545-1133.

Defendant INTERGLOBAL LOGISTICS, INC. is a Texas Corporation and may be served with process by serving its registered agent, TRACY R. WRIGHT, or any other authorized officer or agent therein at 1200 Golden Key Circle, Ste. 205, El Paso, Texas 79925 and/or where ever may be found.

Defendant SOUTHWIRE COMPANY, LLC is a Delaware Corporation doing business in Texas and may be served with process by serving its registered agent  NATIONAL REGISTERED AGENTS, or any other authorized officer or agent therein at 1999 Bryan St., Ste. 900 Dallas, Texas 75201 and/or where ever may be found.

Defendant RUSH ENTERPRISES INC d/b/a RUSH TRUCK INSURANCE is a Texas Corporation and may be served with process by serving its registered agent CORPORATION SERVICE COMPANY d/b/a CSC-LAWYERS INCO, or any other authorized officer or agent therein at 211 E. 7th St., Ste 620, Austin, Texas 78701 and/or where ever may be found.

Defendant SENTRY INSURANCE is a Wisconsin corporation and may be served with process by serving its agents, officials or any employees therein at 1800 North Point Drive, Stevens Point, WI 54481 and/or where ever may be found.

### III.   FACTS

The injuries and damages suffered by Plaintiff Oscar Payan and made the basis of this action arose out of an occurrence on or about March 12, 2019, in El Paso County, Texas. At that time, Plaintiff was working in the course and scope of his employment with Defendants TES, JAIME and RICK and/or was a statutory employee and/or agent of Defendants INTERGLOBAL, SOUTHWIRE, and/or RUSH, and sustained an on the job injury. Plaintiff was traveling Eastbound on State Loop 375 in El Paso, Texas when the high cross winds caused Plaintiff to lose control of the tractor-trailer tipped over to the right over a guardrail. The tractor-trailer came over its right-side over the guardrail facing east inoperable partially on the right lane and in the right improved shoulder due to improper placement and unsecured loading. Although high winds were forecasted in the area, and was clearly visible, employees, managers, and/or agents of Defendants failed to cancel trip and sent Plaintiff through a dangerous route.  Such employees, managers, and/or agents of Defendants were also negligent in the logistics operation for this trip. Plaintiff would show that Defendants had ultimate control over the tractor-trailer, and over work place safety and had little or no safety policies for Plaintiff and other employees to prevent injury from recognized hazards in the workplace and the methods and processes which Defendants created and maintained. Defendants failed to provide a safe work environment for Plaintiff, resulting in serious bodily injuries and damages to the person of Plaintiff.

**IV.**

At all times relevant hereto, Plaintiff was in the performance of his duties on behalf of Defendants. Plaintiff's injuries were proximately caused by the negligence of Defendants TES, INTERGLOBAL, SOUTHWIRE and or RUSH. Defendants INTERGLOBAL, SOUTHWIRE, and/or RUSH, are liable for the acts of TES, JAIME ,and RICK under the doctrine of *respondeat superior*.

**V.**

Defendants INTERGLOBAL, RUSH, and SOUTHWIRE selected TES to drive motor carriers and thus were responsible for qualifying the company/drivers and ensuring compliance with United States laws, including the FMSCR and DOT Regulations. Defendants were negligent since they should have been aware that Defendants TES, RICK and JAIME were not in compliance with United States laws and regulations. Defendants failed their duty by negligently failing to meet standards and negligent training. Defendants negligently selected, hired and negligently retained TES, RICK, and JAIME. Defendants INTERGLOBAL, RUSH, and SOUTHWIRE selected TES were the statutory employers (as defined under Texas law, Federal law, DOT regulations, the Federal Motor Carrier Safety Act, Federal Motor Carrier Safety Regulations, contractually and/or by common law, including but not limited the right of control) of Plaintiff at the time of the incident.

**VI.   VICARIOUS LIABILITY**

Plaintiff would show that Defendants are liable for the damages and injuries which were caused by the negligence of Defendants, their employees, agents and representatives.  Defendants are liable for the acts or omissions of its, employees and agents and any person over whom Defendants retained control.  Defendants had control over the manners, methods and procedures that employees, agent and representatives used in carrying out assigned duties.

## VII.   NON-SUBSCRIBER NEGLIGENCE

Plaintiff alleges the above paragraphs. Under Texas law, Defendants had a non-delegable duty to provide a safe workplace to its employees. (See Tex. Lab. Code §411.103.). Defendants failed to ensure a safe workplace for Plaintiff. Defendants failed to become a subscriber under the Worker's Compensation Act of this State.

Plaintiff would show that the damages and injuries were caused by the negligence of Defendants, their employees, agents and representatives. Plaintiff would show that Defendants owed a duty to Plaintiff, that Defendants breached such duty, and that such breach was a proximate cause of the injury and the resulting damages to Plaintiff. Defendants were negligent by breaching their duty to Plaintiff in one or more of the following alternative theories of negligence:

1. Failure to furnish Plaintiff with a safe place to work.
2. Failure to furnish Plaintiff with adequate, necessary and suitable tools, appliances and equipment.
3. Negligent co-workers.
4. Failure to provide a competent safety person.
5. Failure to establish and enforce safety rules and regulations.
6. Failure to warn Plaintiff of the dangers.
7. Failure to supervise.
8. Failure to inspect.
9. Failure to properly train, educate, instruct and supervise Plaintiff in the performance of his.
10. Failing to have a competent safety person on the job-site.
11. Failing to provide sufficient staff.
12. Negligence per se in violating OSHA Standards Section 1926.20, General Safety and Health Provisions, by permitting laborers to work in surroundings or under working conditions which are hazardous or dangerous to his health or safety.
13. Negligence per se in violating OSHA Standards Section 1926.20 1(b) by failing to do one or more of the following (A) initiating and maintaining such programs as may be necessary to comply with OSHA safety law, (B) failing to have a competent person (as defined by OSHA) perform frequent and regular inspections of the area C) Failing to have a competent safety person in the area.
14. Failing to adequately train, educate, or provide instructions and orders to persons.
15. Failing to provide proper safety manuals and instructions to employees responsible for safety.
16. Failing to provide operation and safety manuals to its workers on the proper lifting techniques it required them to do.

17. Other negligence.

One or more of the foregoing acts and omissions constituted negligence. For this, one or more of the foregoing acts or omissions was a proximate cause of the damages and injuries to Plaintiff.

## VIII. NEGLIGENCE OF DEFENDANTS

Plaintiff would show that the damages and injuries he sustained were caused by the negligence of Defendants, its employees, agents and representatives. Plaintiff would also show that Defendants owed a duty to Plaintiff; that Defendants breached that duty and that such breach was a proximate cause of the injury and resulting damages to Plaintiff. On the occasion in question, Defendants, their agents, representatives and employees were guilty of negligence in one or more of the following alternative theories of negligence:

1. Failure to furnish the Plaintiff with a safe place to work.
2. Failure to comply with all parts of the Federal Motor Carrier Safety Regulations (FMCSR).
3. Failure to qualify Plaintiff with any training as required by FMCSR Part 390.3(e)
4. Failure to provide Plaintiff with any accident avoidance training.
5. Failure to provide Plaintiff with any job training.
6. Failure to furnish Plaintiff with a safe place to work.
7. Failure to provide adequate means of communication to enable its employees to inquire or obtain guidance from their employer on how to safely perform their job.
8. Failure to warn Plaintiff of the dangers.
9. Failure to furnish Plaintiff with adequate, necessary and suitable tools, appliances and equipment.
10. Failure to properly educate, instruct and supervise Plaintiff in the performance of his duties.
11. Failure to establish and enforce safety rules and regulations.
12. Failure to supply adequate and reasonably competent drivers and workers.
13. Failure to establish and enforce safety rules and regulations.
14. Failure to warn Plaintiff of the dangers.
15. Failure to supervise the job.
16. Failure to inspect.
17. Failure to properly educate, instruct and supervise Plaintiff in the performance of his duties.
18. Failure to have a competent safety person on the job site.
19. Failure to have proper and safe equipment.

20. Failing to adequately train, educate or provide instructions and orders to persons.
21. Failing to provide proper safety manuals and instructions to employees responsible for safety.
22. Negligent supervision, training, instruction.
23. Failing to train on the three-point stance or three-points of contact rule for safely entering and exiting the cab of a trailer.
24. Other acts of negligence.

One or more of the foregoing negligent acts or omissions of Defendants constituted negligence which negligence was a proximate cause of the injuries and damages to Plaintiff which is made the basis of this cause of action. Further, one or more of the foregoing acts or omissions was a proximate cause of the aggravated, enhanced or additional injuries and damages to Plaintiff that would not have been sustained but for one or more of the foregoing acts or omissions.

## IX.

Defendant RUSH was responsible for qualifying the company/drivers and ensuring compliance with United States laws, including the FMSCR and DOT Regulations. Defendants TES, RICK, and JAIME were negligent since they should have been aware that RUSH was not in compliance with United States laws and regulations. Defendant RUSH failed their duty by negligently failing to meet standards and negligent training. Defendants TES, RICK, and JAIME negligently selected, hired and negligently retained RUSH.

## X. NEGLIGENCE OF DEFENDANT SOUTHWIRE

Alternatively, and without waiving the foregoing, said incident and Plaintiff s damages were proximately caused as a result of the negligence of Defendant SOUTHWIRE. Plaintiff alleges that the collision and Plaintiff's damages were proximately caused by one or more of the following alternative theories of negligence on the part of Defendant SOUTHWIRE:

1. Unsafe loading;
2. Improper loading;
3. Failure to properly secure the load;
4. Negligent hiring;

5. Negligent supervision;
6. Negligent training;
7. Failure to inspect;
8. Failure to warn of concealed hazards within a sealed trailer;
9. Failure to establish and enforce safety rules;
10. Failure to properly educate, instruct and supervise its employees on the safe performance of their duties;
11. Other acts of negligence.

One or more of the foregoing acts or omissions of Defendant SOUTHWIRE constituted negligence which negligence was a proximate cause of the injuries to Plaintiff which are made the basis of this cause of action.

Alternatively, and without waiving the foregoing, Defendant SOUTHWIRE is liable to Plaintiff for his damages under the theory of *res ipsa loquitur*. At its own prerogative, Defendant SOUTHWIRE not only assumed the responsibility of loading and securing the load, but also sealed the trailer containing said cargo. Because the tractor and attached, sealed trailer flipped onto its side, the instrumentality that proximately caused Plaintiff's injuries was under the exclusive management and control of Defendant SOUTHWIRE. Moreover, Plaintiff will show that an occurrence such as a shifting load, does not ordinarily occur unless the persons or entity managing and controlling the loading process failed to exercise ordinary care in securing the subject load. By extension, this raises a legal inference that Defendant SOUTHWIRE, through its agents, servants, or employees, breached its voluntarily assumed duty to exercise ordinary care in securing the load, thereby entitling the jury to conclude that Defendant SOUTHWIRE was negligent. Further, Defendant SOUTHWIRE should be required to come forward and bear the burden of disproving its Failure to exercise reasonable care.

## XI.   BAD FAITH CLAIM

Plaintiff would show that Defendants RUSH and SENTRY have engaged in unfair practices in the business of insurance as defined by Article 21.21 et seq. of the Texas Insurance Code. Plaintiff would show that the Defendants RUSH and SENTRY have engaged in one or more of the following ways;

1. Denying a claim without a reasonable basis for such denial, and/or denying reasonable and necessary medical treatment for the Plaintiff without a reasonable basis for such denial.
2. Delaying payment of a claim without a reasonable basis for such delay.
3. Refusing to pay a claim without conducting a reasonable investigation based upon all available information.
4. Compelling beneficiaries and claimants covered by the policy of insurance to institute suits to recover amounts due under the policy by offering nothing or substantially less than the amounts ultimately recovered. (Article 21.21-2, Section 2(e).
5. Failing to adopt and implement reasonable standards for prompt investigations of claims arising under its policies Articles 21.21-2 Section 2(c).
6. Not attempting in good faith to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonable clear.
7. Offering to pay less than the medical bills incurred with no basis for such.
8. Engaging in unconscionable action.
1. Other violations.

The conduct complained of was a producing cause of Plaintiff's actual damages. Plaintiff would further show the conduct of Defendants RUSH and SENTRY were described in this petition was committed knowingly.

Plaintiff is entitled to recover from Defendants RUSH and SENTRY an amount of damages within the limits of this Court, together with costs of Court and reasonable attorney's fees. Defendants RUSH and SENTRY actions or omissions were done knowingly. Plaintiff is entitled to treble damages.

Copy from re:SearchTX

## XII. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

Alternatively, and without waving the foregoing, Plaintiff would further show that Defendants RUSH and SENTRY have breached their covenant of good faith and fair dealing in the handling of Plaintiff's claim. Defendants RUSH and SENTRY have denied payment or delayed payment of the claim without reasonable justification, and have denied or delayed reasonable and necessary medical treatment and property damage repair to the Plaintiff without a reasonable justification. Defendants RUSH and SENTRY actions have caused Plaintiff to be deprived of necessary care and treatment, causing the Plaintiff to suffer a deteriorating medical condition, enhanced pain and suffering, and enhanced mental anguish. Furthermore, Defendant RUSH and SENTRY actions have cause Plaintiff's credit standing to suffer. Plaintiff is entitled to recover from Defendants RUSH and SENTRY his actual damages, attorneys' fees, costs of court, post and pre-judgment interest and punitive damages.

## XIII. DAMAGES

As a direct result of the occurrence, Plaintiff has suffered bodily injuries. As a result of the occurrence above, Plaintiff has incurred expenses for medical care, nursing services, attention and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff, and the charges made and to be made were the usual and customary charges for such services. Plaintiff will require further medical care, nursing services and attention, and will incur reasonable expenses in the future for such medical needs.

As a result of the occurrence, Plaintiff has suffered a past loss of earning capacity. Plaintiff will continue to suffer a loss of wage earning capacity in the future. Plaintiff suffered a past loss of performance of household services and will continue to suffer a loss of performance of household services in the future. Plaintiff has suffered pain and suffering in the past and will

continue to suffer pain and suffering in the future. Plaintiff has suffered mental pain and anguish in the past and will continue to suffer mental pain and anguish in the future. Plaintiff has suffered disfigurement in the past and will continue to suffer disfigurement in the future. As a direct result of the occurrence above, Plaintiff has suffered impairment in the past and will continue to suffer impairment in the future.

As a direct result of the occurrence, Plaintiff has suffered damages within the jurisdictional limits of this Court. Pursuant to T.R.C.P. 47, Plaintiff is required to plead the maximum amount of damages sought, however, some damages are unliquidated and cannot be easily calculated in monetary terms. In addition, discovery has not yet began and the extent of Plaintiff's future damages are still being determined. At this early stage of the proceedings, Plaintiff requests the jury be fair and reasonable in its determination of actual damages in an amount over $1,000,000.00.

## XIV.   REQUEST FOR DISCLOSURE

Pursuant to Rule 194, Defendants are requested to disclose within the time period set forth in Tex. R. Civ. P. 194.3 the information or material described in Rule 194.2(a) - 194.2(l).

## XV.   REQUEST FOR JURY

Plaintiff respectfully requests trial by jury of the issues in this case.

## XVI.   PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendants for all relief requested, jointly and severally, for costs, pre-judgment and post judgment interest, punitive damages, reinstatement, and for such other relief, general and special, at law or in equity, to which Plaintiff is entitled.

Respectfully submitted,

**SCHERR & LEGATE, PLLC.**
Attorneys for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100
(915) 532-1759 Facsimile
MScherr@scherrlegate.com


*/s/ Maxey M. Scherr*
**MAXEY M. SCHERR**
State Bar No. 24067860

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of February, 2021 a true and correct copy of the foregoing was filed electronically which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Service Contacts List:

John M. Dickey
Gordon Davis Johnson & Shane P.C.
4695 N. Mesa St., Ste. 100
El Paso, Texas 79912
(915) 545-1133
(915) 545-4433 Fax
jdickey@eplawyers.com
*Attorney for Defendants TES Logistics,*
*Jaime Carrasco and Rick Carrasco*

*/s/ Maxey M. Scherr*
**MAXEY M. SCHERR**
